IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.                              **Case No. 4:22-CR-00067-01-JM**
                                **Case No. 4:24-CV-00517-JM**

BRANDON DESHA SCOTT

**ORDER**

For the reasons set out below, Defendant's Motion to Vacate, Set Aside, or Correct

Sentence Under 28 U.S.C. § 2255 (Doc. No. 48) is DENIED.

**I.      BACKGROUND**

On October 4, 2022, Defendant pleaded guilty to possessing a firearm while on federal

pretrial release.[1]  On February 7, 2023, the Court sentenced Defendant to 90 months in prison to

run consecutive to the sentence imposed in *United States v. Scott*, No. 4:19-CR-00132-SWW.[2]

On June 17, 2024, Defendant filed the § 2255 motions before the Court asserting

ineffective assistance of counsel and other claims.

**II.     DISCUSSION**

   **A.      Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, Defendant must first show that

his lawyer's performance fell below an objective standard of reasonableness.[3]  He must identify

---

[1] Doc. No. 20.

[2] Doc. Nos. 28, 29.

[3] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[4]

Then, the Court must determine whether, considering all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[5]  A defendant faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[6]

If a defendant establishes deficient performance by counsel, he still must establish prejudice.[7]  This requires a defendant to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[8]

So, the test has two parts: (1) deficient performance, and (2) prejudice.  If Defendant fails to establish either part of this test, the Court need not consider the remaining part of the test.[9]

Defendant complains that his lawyer made arguments at sentencing that "clearly insinuated that [he] is a threat to society."[10]  Actually, his lawyer pointed out that there was a delay in proceeding with this case and it possibly should have been resolved at the same time Defendant was sentenced in his other case.

---

[4] *Id.* at 690.

[5] *Id.*

[6] *Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[7] *Strickland*, 466 U.S. at 694.

[8] *Id.* ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome.").

[9] *Stephen v. Smith*, 963 F.3d 795, 800 (8th Cir. 2020).

[10] Doc. No. 48.

Defendant asserts that his lawyer and the Government failed to tell him that, before he received three points for acceptance, his offense level would be 25 rather than 22 and that "the plea first agreed on was 22 as movant had signed for . . . ."[11]  Similarly, though not an ineffective assistance claim, Defendant argues that the Government "fail[ed] to abide by its plea agreement" and "the Court breached the plea agreement" because it found a base offense level of 22 and added three points under  U.S.S.G. § 3C1.3.  First, there was no plea agreement.  Second, three points were properly applied, so there was neither deficient performance nor prejudice.

Defendant contends that the plea hearing constituted a constitutional violation because his lawyer did not talk enough.  This claim is meritless.  Additionally, when asked at sentencing if Defendant was satisfied with his lawyer, he answered in the affirmative.[12]

Defendant argues that his lawyer should have objected at sentencing to his criminal history and requested his sentences to run concurrently.  Defendant's first argument – that he should have had three criminal history points not five – ignores the fact that he received three points for the conviction he received in the case that was pending while he picked up the charge in this case.  As to the second point, a conviction under 18 U.S.C. § 3174 must "be consecutive to any other sentence of imprisonment."  Finally, Defendant generally protests about the lack of objections made by his lawyer at sentencing.  A lawyer's failure to raise frivolous arguments does not support an ineffective assistance claim.[13]

---

[11] Doc. No. 49.

[12] Doc. No. 38.

[13] *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curium) (holding that "counsel's failure to advance a meritless argument cannot constitute ineffective assistance").

Defendant has established neither deficient performance nor prejudice for any of his claims of ineffective assistance.

### B.      Other Claims for Relief

Defendant contests his criminal history calculations and the facts supporting the calculation.  However, Defendant is not entitled to habeas relief for "garden-variety Sentencing Guideline application issues."[14]  Additionally, his criminal history was correctly calculated.

Two other  claims ("high range Guidelines sentence is unjustified", "district court erred in basing upward variance [on] the ability [of the firearm] to fire many rounds") are issues for direct appeal not a collateral attack.[15]  In fact, these issues were raised on direct appeal and rejected.[16]

Defendant's assertion that he was unlawfully sentence as a career offender is meritless.[17] He was not sentenced as a career offender.

### CONCLUSION

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 48) is DENIED.

IT IS SO ORDERED this 19th day of August, 2024.

_____
UNITED STATES DISTRICT JUDGE

---

[14] *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995).

[15] Doc. No. 48 at 7-8.

[16] Doc. No. 41.

[17] Doc. No. 49 at 5.